IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 25  PM 3: 26

ROBERT DAVIS,                          )
JUANDELLA CRUZ,                        )       ROBERT ⬚ ⬚IROLIO
FRANKLIN FERGUSON,                     )       CLERK, U.S. DIST. CT.
WAYNE BOSTIC,                          )       W.D. OF TN, MEMPHIS
JOHNNY RAY PARR,                       )
KENNETH BERNARD CULP,                  )
JOHNNY L. PHILLIPS,                    )
SAMUEL ANDREW LEMAR, and               )
MARCUS FLOYD,                          )
acting on their behalf and             )
on behalf of others similarly          )
situated,                              )
                                       )
     Plaintiffs,                       )
                                       )
v.                                     )    No. 93-2004 M1
                                       )
TED SUTTON, in his personal            )
capacity and in his official           )
capacity as Sheriff of                 )
Lauderdale County, and                 )
H. GWINN MATTHEWS, in his              )
personal capacity and in his           )
official capacity as County            )
Executive for Lauderdale County, )
and THE LAUDERDALE COUNTY              )
BOARD OF COMMISSIONERS,                )
                                       )
     Defendants.                       )

## ORDER FOLLOWING HEARING

On March 31, 2005, the Court issued its Order Granting
Plaintiffs' Motion to Cite Defendants for Contempt of Court.  In
particular, Defendants were found in contempt of Court for
failing to comply the with the provision of the Consent Final
Order Dismissing Case, and Granting Permanent Injunctive Relief
("1998 Consent Order") concerning the use of chemical agents on

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5·26·05

204

inmates at the Lauderdale County Jail.[1]  (Consent Final Order
Dismissing Case, and Granting Permanent Injunctive Relief, Apr.
1, 1998, (Docket No. 173.))  On Friday, May 20, 2005, the Court
held a purgation and damages/compensation hearing.

During the hearing, the Court heard testimony concerning the
Defendants' plans to comply with the 1998 Consent Order.  The
parties, by consent, agreed to the following preliminary schedule
regarding the purgation process:

- Defendants shall submit a detailed blueprint of
  policies and procedures to come into compliance with
  the 1998 Consent Order by <u>Monday, June 20, 2005</u>.
  Plaintiffs shall then have an opportunity to submit
  objections to the detailed blueprint.

- Defendants shall submit a final remedial plan to come
  into compliance with the 1998 Consent Order by <u>Monday,
  August 1, 2005</u>.  Plaintiffs shall have twenty one (21)
  days to submit objections to the final remedial plan.

---

[1] This provision specifically provides that:

> Defendants may only use "Freeze," mace, or other
> chemical agents when absolutely necessary to prevent
> harm by an inmate to another person or to prevent
> substantial property damage.  Freeze, mace and other
> chemical agents may never be used as a form of inmate
> discipline.  The Defendant Sheriff shall insure that
> all jail personnel are properly trained in the proper
> use of Freeze, mace and other chemical agents, which is
> consistent with this order.

(Consent Final Order Dismissing Case, and Granting Permanent
Injunctive Relief, Apr. 1, 1998, (Docket No. 173), at 4.)

- The Court shall hold a hearing to approve the final remedial plan on <u>Friday, August 12, 2005, at 3:00 p.m.</u>
- The preliminary monitoring period concerning Defendants' implementation of the final remedial plan shall end on <u>Monday, May 1, 2006</u>.

The Court hereby reserves its determination on the question of purgation pending the completion and observation of Defendants' remedial plans.

During the hearing, the Court also appointed, by consent, Mr. Charles Glover Fisher, V., to serve as a Special Master in this case under the Prison Litigation Reform Act ("PLRA") effective May 21, 2005.[2]  In addition, the Court STAYED <u>McCage v. Lauderdale County</u>, No. 05-cv-2328 Ml/An (W.D. Tenn. filed May 3, 2005) pending determination on the question of compensatory damages for the injuries sustained by inmates Ernie R. McCage, Leman Russell and Latonia Eisom.

So ORDERED this 24 day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] In a prior order issued on April 11, 2005, the Court re-appointed Mr. Fisher to serve as a Special Master in this case. (Order Following Telephone Conf., Apr. 11, 2005, (Docket No. 196.), at 2.)  During the hearing, however, it came to the Court's attention that Mr. Fisher was serving as an expert witness for Plaintiffs on the date that order was issued and continued to serve as an expert for Plaintiffs through the date of the hearing.  The parties therefore agreed, by consent, that May 20, 2005, was the last date Mr. Fisher would serve as an expert for Plaintiffs.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 204 in case 2:93-CV-02004 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

J. Thomas Caldwell
CALDWELL & FITZHUGH
114 Jefferson Street
Ripley, TN 38063

Michael W. Whitaker
WHITAKER LAW FIRM
P.O. Box 1024
Covington, TN 38019

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT